## SUPREME COURT—IN BANCO.

### APRIL TERM—1873.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

WILFONG ET. AL., APPELLEES, *vs.* BAILEY, APPELLANT,— APPEAL FROM WATER COMMISSIONERS OF WAILUKU, MAUI.

IRRIGATION WATER was originally apportioned BY TIME ONLY; to change the allotment by time to a new system of apportionment by extent of land is to CHANGE THE WATER RIGHTS themselves.

The parties applied to the Commissioners to decide their rights in a certain artificial water-course called the Kama-auwai. The Commissioners decreed that water be apportioned to the kalo land and to eight acres of kula land, to which they found that water was allotted by Kamehameha III.

OPINION OF THE COURT BY HARTWELL, J.

There are peculiar difficulties in this class of cases, owing to the facts that the deeds do not show the water rights, and that the apportionment of water in former times varied as the land rendered more or less profit to the chiefs under whom it was held. The water was originally distributed by time only, the water-course being allotted to certain lots at

certain hours of the day or night. If at such hours the water was low in the water-course, the loss fell on the owner of the land; if high, the superfluous water flowed off in its natural outlets. For the kalo culture, the water remained in the kalo lot until absorbed by the air and growth of the plant, the overflow running into the next lower lot. In 1852 an association was formed to repair this water-course, but as the cultivation of sugar-cane increased, disagreements arose between the planters concerning water rights, resulting in an equity suit before the Chancellor in 1866. It was claimed then, that this appellant's father, from whom the appellant derives title to all the land for which he claims water, was using more than his share of water, and was illegally diverting water from kalo to sugar culture; but the Court held that it was not shown; that more water was then used, and that the kind of use was immaterial. There are other parties in this suit than were then engaged in controversy, but the appellant's land includes that for which water was claimed in the former suit.

The objection to the Commissioner's decree is, that it imposes a new system of apportioning water by extent of land, in place of the earlier allotment by time, when it is not shown that the parties have obtained water rights in proportion to the extent of their land, either by grant or by prescription. To change the system by which water was originally distributed, is to change the water rights themselves.

We do not find from the evidence that the appellant has used water to which the appellees have shown title, or that more water has been used on his land since 1866 than before. If more water has been used on the appellant's land than it was entitled to, that is no reason for requiring him to share it with those who show no better title thereto. We find that about one half of the water of the Kamaauwai has been used on the appellant's land for many years. A division of the

Kamaauwai may be made 'by the Marshal, restricting the water running into the appellant's land to one half its volume. As the appellees have no dispute concerning their mutual rights, no adjudication thereon is required.

Costs of Court to be divided between the parties Wilfong, Bailey and Cornwell. Each party to pay his own costs.

A. F. Judd and R. H. Stanley for appellees.

C. C. Harris for appellant.